IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>WINFORD LAMONT HENLEY, )<br>)<br>  Defendant/Petitioner. ) | Criminal Case No. CR-19-39-RAW<br><br>Civil Case No. CV-24-00001-RAW |

**ORDER**

A grand jury returned an indictment on April 9, 2019, charging Defendant Winford Lamont Henley ("Defendant") with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count 1"), possession of firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count 2"), and felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 3"). [CR Doc. 2]. On June 19, 2019, Defendant pleaded guilty to Counts 2 and 3 pursuant to a plea agreement. [CR Doc. 29; CR Doc. 31]. The Government agreed to dismiss Count 1 at sentencing, and the plea agreement also provided that the Government would recommend a three-point reduction for acceptance of responsibility. [CR Doc. 31 at 2, 7-8]. The plea agreement included a waiver of certain appellate and post-conviction rights. *Id*. at 5. Defendant specifically waived the right "to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a)." *Id*. Defendant also waived the right "to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel." *Id*.

A presentence investigation report ("PSR") was prepared by the probation office. Prior to sentencing, the Government filed a motion seeking a downward departure of 4 levels pursuant to U.S.S.G. § 5K1.1. Defendant appeared for sentencing on December 11, 2019. [CR Doc. 52]. The court found that Defendant was subject to enhanced punishment under 18 U.S.C. § 924(e)(1). *Id*. He was sentenced to 60 months on Count 2 and 130 months on Count 3, with the sentences to be served consecutively. *Id*. Judgment was entered on December 12, 2019. [CR Doc. 54]. Defendant did not file a direct appeal.

On November 9, 2020, Defendant filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] [CR Doc. 56]. He raised a single claim for relief, arguing that he was previously convicted in state court of attempted robbery with a firearm, rather than conjoint robbery, and that the prior conviction did not qualify as a violent felony under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1). The Government, in a sealed response, argued that the collateral-challenge waiver in Defendant's plea agreement should be enforced as it satisfied the *Pinson/Hahn* three-part test. [CR Doc. 66 at 9]. The Government also argued that Defendant's claim was procedurally barred. *Id*. at 11.

On May 26, 2022, the court entered a sealed order dismissing the first § 2255 motion. [CR Doc. 67]. The court found, in part, that Defendant's claim was not based on ineffective assistance of counsel and that "[h]is claim clearly falls within the scope of the waiver." *Id*. at 3. The court ultimately concluded that, "[a]s the waiver is enforceable . . . Defendant's § 2255 motion should be dismissed." *Id*. at 4. In addition, the court agreed with the Government that Defendant's claim was procedurally barred. *Id*. at 5. A judgment was entered on May 26, 2022. [CR Doc. 68]. Defendant did not appeal.

Now before the court is Defendant's § 2255 motion filed on January 2, 2024. [CR Doc. 69; CV Doc. 1]. The Government filed a motion for extension of time to respond, which was granted. [CR Doc. 71; CR Doc. 72]. On February 15, 2024, the Government filed a response in opposition to Defendant's § 2255 motion. [CR Doc. 73]. Defendant did not file a reply.

In the instant motion, Defendant now claims for the first time that his attorney was ineffective for failing "to investigate the law and facts of the case." [CR Doc. 69 at 4, 7]. He then reasserts his argument from the first § 2255 motion, claiming that he was not convicted of conjoint robbery, and that a prior conviction of attempted robbery with a firearm does not qualify as a predicate offense under the ACCA. In support thereof, he attaches a court minute filed approximately five months ago in Case No. CF-01-111A in the McIntosh County District Court. *Id*. at 14. The court minute filed on November 8, 2023, shows as follows: "That Petitioner's relief requested in his Application for Post Conviction Relief is granted. The Amended J & S [Judgment and Sentence] filed in 2015 is set aside and the original J & S [Judgment and Sentence] filed in

---

[1]   The civil case number for the first § 2255 motion is CV-20-401-RAW.

2003 is reinstated."[2]  *Id*.  Defendant also attached a Judgment and Sentence filed in the McIntosh County case on August 21, 2003, showing Defendant was convicted of attempted robbery with a firearm.  *Id*. at 12.

The Government contends that this court lacks jurisdiction over Defendant's current motion.[3]  The Government claims the motion is a "second or successive" § 2255 motion, and that it is "unauthorized."  [CR Doc. 73 at 3-4].  The Government points to the statutory language of 28 U.S.C. § 2255(h), noting that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the [Defendant] guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Id*. at 4.  In sum, the Government reminds the court that "a second or successive § 2255 motion cannot be filed in district court without approval by a panel of the Tenth Circuit."  *Id*. at 5.  The Government also claims that "[t]here is no risk that a meritorious claim will be lost absent transfer of Defendant's motion to the Tenth Circuit."  *Id*.  The Government argues that "Defendant has made no attempt to show he has any basis to proceed with a second or successive § 2255 motion, and he has not identified any ground under which the Tenth Circuit would likely permit him to proceed with a second or successive § 2255 motion."  *Id*. at 5-6.  The court agrees with the Government.

Defendant was required to obtain prior authorization from the Tenth Circuit before filing his second § 2255 motion in this court.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Without authorization, this court does not have jurisdiction to address the merits of a second or successive § 2255 motion.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).  The court does not find that it is in the interest of justice to transfer the case to the Circuit.

---

[2]  Defendant's objection to the PSR was filed in the case at hand on September 12, 2019. [CR Doc. 36].  Attached to the objection was a copy of the "Corrected Judgment and Sentence" that had been filed in April of 2015 in the state court case.  [CR Doc. 36-1].  The Corrected Judgment and Sentence showed Defendant had entered a plea of guilty to the crime of conjoint robbery.

[3]  The Government also argues that the motion is untimely.  [CR Doc. 73 at 6-7].  The court need not address this argument.

This court lacks jurisdiction to consider an unauthorized second § 2255 motion, and Defendant's § 2255 motion [CR Doc. 69; CV Doc. 1] is hereby DISMISSED.

A certificate of appealability may issue only if Defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When the district court dismisses a § 2255 motion on procedural grounds, a defendant must satisfy a two-part standard to obtain a certificate of appealability. Defendant must show "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at hand, Defendant previously filed a § 2255 motion, and Defendant did not obtain authorization from the Circuit to file a second § 2255 motion. His unauthorized second § 2255 motion is dismissed for lack of jurisdiction. Defendant cannot overcome the second part of the standard. Since the second part has not been established, there is no need to address the first part of the standard. A certificate of appealability is DENIED.

It is so ordered this 28th day of March, 2024.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA